UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP S. JACKSON, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 02 C 4411 |
| | ) Judge Moran |
| AT&T WIRELESS SERVICES, INC, | ) Magistrate Judge Keys |
| CONAIR CORPORATION, | ) |
| NEXTEL COMMUNICATIONS, INC. | ) |
| TDS TELECOM SERVICE CORPORATION, | ) |
| UNITED STATES CELLULAR CORPORATION, | ) |
| VERIZON WIRELESS SERVICES, LLC, and | ) |
| VOICESTREAM WIRELESS CORPORATION | ) |
|       Defendants. | ) |

## ANSWER OF TDS TELECOM SERVICE CORPORATION

Defendant TDS Telecom Service Corporation ("TDS") answers and responds to the complaint of Philip Jackson ("Jackson") as follows:

1.    Jurisdiction exists under 28 U.S.C. § 1338(a) because Defendants are charged with patent infringement under 35 U.S.C. § 271.

**ANSWER:** TDS admits that Jackson has sued TDS for patent infringement and that subject matter jurisdiction exists with respect to TDS under 28 U.S.C. § 1338(a). TDS denies that it has infringed any patent. TDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the complaint regarding the other defendants and therefore denies them.



2.      Defendants each have transacted business in this judicial district by using, selling or offering to sell automated interactive telephone systems, voice messaging services or answering devices that violate Mr. Jackson's patent.

**ANSWER**: TDS admits that TDS has transacted business in this judicial district. TDS denies that TDS has used, sold or offered to sell automated interactive telephone systems, voice messaging services or answering devices that violate Mr. Jackson's patent. TDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the complaint regarding the other defendants and therefore denies them.

3.      Venue is proper under 28 U.S.C. §§ 1391(d) and 1400(b).

**ANSWER**: TDS admits that venue is proper with respect to TDS under 28 U.S.C. § 1400(b). TDS denies that venue is proper with respect to TDS under 28 U.S.C. § 1391(d). TDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the complaint regarding the other defendants and therefore denies them.

4.      Mr. Jackson is an individual residing in Park Ridge, Illinois. He owns all right, title and interest in and has standing to sue for infringement of United States Patent No. 4,596,900 entitled "Phone-Line-Linked, Tone-Operated Control Device" ("the '900 patent", Exhibit A). The '900 patent has been reexamined three times and issued Reexamination Certificates B1 and B2 (Exhibit B). Mr. Jackson has not manufactured or sold any devices under the '900 patent, and therefore, has not been required to place any statutory notices on any devices or systems.

**ANSWER**: TDS admits that United States Patent No. 4,596,900 is entitled "Phone-Line-Linked, Tone-Operated Control Device." TDS also admits that Reexamination Certificates B1 and B2 have issued. TDS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the complaint and therefore denies them.

2

5.  AT&T Wireless Services, Inc. ("AT&T Wireless") has its principal place of business at 7277 164th Avenue, NE Building 1, Redmond, Washington 98052. AT&T Wireless has sold, offered for sale, and offers for sale voice messaging services that infringe one or more claims of the '900 Patent. AT&T Wireless service plans include voice messaging as a standard feature or option. AT&T Wireless has infringed the patent in suit either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:** TDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the complaint and therefore denies them.

6.  Conair Corporation ("Conair") has its principal place of business at 1 Cummings Road, Stamford, Connecticut 06904. Conair has sold, offered for sale, and offers for sale products that infringe one or more claims of the '900 Patent. Conair's telephone answering devices and telephones with answering device capabilities utilize the technology of the '900 patent. Conair has infringed the patent in suit either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:** TDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the complaint and therefore denies them.

7.  Nextel Communications, Inc. ("Nextel") has its principal place of business at 2001 Edmund Halley Drive, Reston, Virginia 20191. Nextel has sold, offered for sale, and offers for sale voice messaging services that infringe one or more claims of the '900 Patent. Nextel service plans include voice messaging services as a standard feature or option. Nextel has infringed the patent in suit either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:** TDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the complaint and therefore denies them.

8.  Sprint Corporation ("Sprint") has its principal place of business at 6500 Sprint Parkway, Overland Park, Kansas 66251. Sprint, through its wholly-owned tracking group Sprint PCS, has sold, offered for sale, and offers for sale voice messaging services that infringe one or more claims of the '900 Patent. Sprint PCS service plans include voice messaging as a standard feature or option. Sprint has infringed the patent in suit either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER**: TDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the complaint and therefore denies them.

9. TDS Telecom Service Corporation ("TDS Telecom") has its principal place of business at 301 S. Westfield Road, Madison, Wisconsin 53705. TDS Telecom has sold, offered for sale, and offers for sale voice messaging services that infringe one or more claims of the '900 Patent. TDS Telecom service plans include voice messaging as a standard feature or option. TDS Telecom has infringed the patent in suit either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER**: TDS denies that it has its principal place of business at 301 S. Westfield Road, Madison, Wisconsin 53705. TDS admits that some of its service plans include voice messaging as a standard feature or option. TDS denies that it has sold, offered for sale, and offers for sale voice messaging services that infringe one or more claims of the '900 Patent or has infringed the patent in suit either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

10. United States Cellular Corporation ("US Cellular") has its principal place of business at 8410 W. Bryn Mawr Avenue, Suite 700, Chicago, Illinois 60631. US Cellular has sold, offered for sale, and offers for sale voice messaging services that infringe one or more claims of the '900 Patent. US Cellular service plans include voice messaging services as a standard feature or option. US Cellular has infringed the patent in suit either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER**: TDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint and therefore denies them.

11. Verizon Wireless Services, LLC ("Verizon") has its principal place of business at 180 Washington Valley Road, Bedminster, New Jersey 07921. Verizon has sold, offered for sale, and offers for sale voice messaging services that infringe one or more claims of the '900 Patent. Verizon service plans include voice messaging as a standard feature or option. Verizon has infringed the patent in suit either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER**:   TDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the complaint and therefore denies them.

12.   VoiceStream Wireless Corporation ("VoiceStream") has its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006. VoiceStream has sold, offered for sale, and offers for sale voice messaging services that infringe one or more claims of the '900 Patent. VoiceStream service plans include voice messaging services as a standard feature or option. VoiceStream has infringed the patent in suit either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER**:   TDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the complaint and therefore denies them.

13.   The '900 Patent was issued by the United States Patent and Trademark Office ("PTO") to Mr. Jackson in 1986. Dr. Kazuo Hashimoto, widely known as the inventor of the basic telephone answering machine and inventor of over 1,000 patents worldwide, filed a Request for Reexamination of the '900 Patent to challenge its validity. The PTO then reexamined the '900 Patent and issued a Reexamination Certificate with only a few minor, clarifying amendments, confirming the validity of the 17 claims of the patent.

**ANSWER**:   TDS admits that the '900 Patent purports on its face to have been issued in 1986 to Mr. Jackson. TDS denies that the PTO reexamined the '900 Patent and issued a Reexamination Certificate with "only a few minor, clarifying amendments, confirming the validity of the 17 claims of the patent." TDS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the complaint and therefore denies them.

14.   Matsushita (Panasonic) then filed two more Requests for Reexamination. The PTO, after still further consideration of approximately 300 items of prior art, confirmed the validity of the '900 Patent and permitted Mr. Jackson to add 99 new claims. The PTO then issued another Reexamination Certificate, finding 116 claims patentable over all of the approximately 300 diverse items of prior art references.

**ANSWER**: TDS admits that Reexamination Certificate B2 4,596,900 lists on its face approximately 300 references. TDS also admits that in the corresponding reexamination, the PTO permitted Mr. Jackson to add 99 new claims and that the reexamination resulted in 116 claims. TDS denies that the PTO confirmed the validity of the '900 Patent in the reexamination. TDS also denies that the 116 claims of the '900 patent are patentable. TDS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the complaint and therefore denies them.

15. The Jackson '900 Patent has been widely recognized by numerous companies who have accepted licenses under the patent and have paid royalties to Mr. Jackson, including BellSouth, Brother, Comverse, Cobra, Matsushita (Panasonic), NEC, Samsung, Sanyo, Sony, Swatch, Thomson, Unical (Northwestern Bell), and Uniden.

**ANSWER**: TDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the complaint and therefore denies them.

16. Mr. Jackson does not accuse products and/or services that are provided, in whole, by companies that have been licensed by Mr. Jackson under the '900 patent.

**ANSWER**: TDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the complaint and therefore denies them.

17. Each of the Defendants has infringed the patent in suit either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER**: TDS denies that TDS has infringed the patent in suit either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271. TDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the complaint regarding the other defendants and therefore denies them.

18. Defendants' infringement, contributory infringement and/or inducement to infringe has injured Mr. Jackson and he, therefore, is entitled to recover damages adequate to compensate him for such infringement, but in no event less than a reasonable royalty.

**ANSWER**: TDS denies that TDS has infringed the patent in suit by direct infringement, contributory infringement or inducement to infringe. TDS also denies that it has injured Jackson in any way and denies that Jackson is entitled to recover any damages from TDS. TDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the complaint regarding the other defendants and therefore denies them.

19. Defendants' infringement, contributory infringement and/or inducement to infringe has been willful and deliberate because each Defendant has been given notice of or knew of Mr. Jackson's patent and has nonetheless injured and will continue to injure Mr. Jackson, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale and/or offer for sale of products or services that come within the scope of the '900 Patent.

**ANSWER**: TDS denies that it has infringed the patent in suit, willfully, deliberately or otherwise, by direct infringement, contributory infringement or inducement to infringe. TDS also denies that it has injured or will injure Jackson in any way. TDS also denies that it has ever manufactured, used, sold or offered for sale products or services that come within the scope of the '900 patent. TDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the complaint regarding the other defendants and therefore denies them.

## **DEFENSES**

### First Defense – Noninfringement

TDS has not infringed and is not infringing, literally or under the doctrine of equivalents, either by direct infringement, contributory infringement or induced infringement, any valid claim of U.S. Patent No. 4,596,900.

### Second Defense – Invalidity

U.S. Patent No. 4,596,900 is invalid and void because the specification and claims thereof fail to satisfy one or more of the provisions and/or requirements of 35 U.S.C. §§ 101, 102, 103 and 112.

### Third Defense – Prosecution History Estoppel

The patentee has taken certain positions or done certain acts before the United States Patent and Trademark Office during the prosecution of the '900 patent to achieve allowance of the claims of the '900 patent that estop and/or preclude Jackson from contending that TDS has infringed any of those claims.

### Fourth Defense – Laches

Any and all past damages in this action are barred by laches.

### Fifth Defense – Equitable Estoppel

Jackson's claims against TDS are barred in whole or in part by equitable estoppel.

### Sixth Defense – Intervening Rights

Jackson's claims against TDS are barred in whole or in part by intervening rights pursuant to 35 U.S.C. §§ 252 and 307(b).

### Seventh Defense – Failure to Mark

Any and all past damages in this action are barred for failure to comply with the Marking Statute, 35 U.S.C. § 287.

### Eighth Defense – Inequitable Conduct

The '900 patent is unenforceable because of Jackson's inequitable conduct in misrepresenting and burying one or more material references during reexamination of the '900 patent as set forth more fully in Docket Entries 153-155 filed in Jackson v. Thomson Consumer Electronics, IP98-C-1712-Y/G (S.D. Ind.), the substance of which are hereby incorporated by reference.

WHEREFORE, TDS prays that this Court enter a judgment and decree against Jackson:

1. Dismissing the complaint herein in its entirety; and

2. Awarding TDS its attorneys' fees, costs and such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: _____
One of the Attorneys for
Defendant, TDS Telecom Service
Corporation

Thomas D. Rein, I.D. No. 6186187
Douglas I. Lewis, I.D. No. 6216438
Steven Yovits, I.D. No. 6257262
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Dated: August 8, 2002

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that the foregoing ANSWER OF TDS TELECOM SERVICE CORPORATION was served on the following persons via first class mail on August 8, 2002:

> Raymond P. Niro
> Dean D. Niro
> Robert P. Greenspoon
> Niro, Scavone, Haller & Niro
> 181 West Madison, Suite 4600
> Chicago, Illinois 60602-4515

*[signature]*